IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 02-CV-2888 |
| CONCEPT SCIENCES, INC., PPT RESEARCH, INC., IRL E. WARD, JR., BRIAN D. HEATH, LEHIGH VALLEY REALTY, III, JAMES H. READINGTON, JOHN ADAMS, and ESTATE OF JACOB QUICK c/o JUDITH QUICK, | : : : : : : : : | |
| Defendants. | : | |

COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF ENVIRONMENTAL PROTECTION'S
ANSWER TO MOTION TO TRANSFER

1. Admitted. By way of further answer, the Commonwealth of Pennsylvania, Department of Environmental Protection admits that this cost recovery action is brought under sections 107 and 113(g)(2) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. §§ 9607 and 9613(g)(2); section 2201 of the Declaratory Judgment Act; 28 U.S.C. § 2201; section 507 of the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 P.S. §§ 6020.507; and the Pennsylvania Declaratory Judgments Act, 42 Pa.C.S.A § 7531, et seq.

2. Denied as stated. The Department admits that an explosion resulting in the release of hazardous substances and contaminants requiring a response action by the Department occurred on February 19, 1999 at the Concept Sciences, Inc. ("CSI") facility located at 749 Roble Road in the Lehigh Valley Industrial Park III in Hanover Township, Lehigh County,

Pennsylvania.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted.  By way of further answer, the Department also alleges that Irl E. Ward, Jr. ("Dr. Ward") is the Chief Executive Officer of Concept Sciences, Inc., as well as the President of PPT Research, Inc.

    6.    Admitted.

    7.    Denied as stated.  For the purposes of the Defendants' Motion to Dismiss, Judge Surrick only became familiar with the alleged facts of the case as they are set forth in the United States' complaint in the criminal matter.  Rather than reviewing the nature of CSI's business, the facts of the explosion, or Dr. Ward's involvement with CSI, Judge Surrick's opinion focuses on a review of OSHA's regulations and interpretative letters, and whether the regulations and letters provided Dr. Ward with fair warning that CSI's conduct could subject him to criminal liability. United States v. Irl "Chip" Ward, 2001 U.S. Dist. LEXIS 15897.

    8.    Denied as stated. The Department admits that Judge Surrick authored two decisions in the criminal matter.  The Department denies that the facts with which Judge Surrick is familiar, and on which he relied for the criminal matter, are the facts relevant to this civil matter.  Accordingly, Judge Surrick's opinions do not demonstrate a familiarity with the facts of this CERCLA/HSCA proceeding.  Furthermore, the criminal prosecution by the United States was only against Dr. Ward, and Judge Surrick therefore has no familiarity with the facts relating to the civil liability of the seven additional Defendants named as responsible parties in the Department's cost recovery action.

9.   Denied. The Department denies that the interests of judicial efficiency and economy would be served by having the instant matter assigned to Judge Surrick as opposed to Judge Tucker. Specifically, Judge Surrick's opinions do not analyze facts relevant to CERCLA/HSCA issues, including: (1) whether Defendants fall within one of the categories of responsible parties/persons set forth in CERCLA and HSCA (in this case owners or operators), (2) whether "hazardous substances" or "contaminants" were disposed of at a "facility" or a "site," (3) whether there has been a "release" or a "threat of a release" from the "facility" or "site" and (4) whether the Department has incurred "response costs." 42 U.S.C. § 9607; 35 P.S. § 6020.701; United States v. Alcan Aluminum Corp., 964 F.2d 252, 258-259.

10.   Denied. For the purposes of presiding over this civil matter and deciding this specific case on its merits, Judge Surrick and any judge on this Court will have to "start from scratch," starting with a review of the Department's Complaint and Defendants' answers, in order to become familiar with the facts relating to the issues set forth in paragraph 9 above.

11.   Denied. The Department denies that transferring the matter to Judge Surrick will result in a savings of legal fees for the parties. The Department has commenced a civil action for cost recovery that is distinct and separate from the criminal action prosecuted by the United States. The Defendants, including Dr. Ward, must answer or otherwise respond to the Department's complaint regardless of which judge for this Court handles the matter. The parties will be required to engage in discovery relating to the Department's factual allegations and the issues set forth in paragraph 9, above. As the Department's case involves different issues and facts that must be adjudicated on their own merits, the legal fees incurred by the parties will not be affected by the transfer of this matter to Judge Surrick.

12. For the foregoing reasons, Defendants have not met their burden of proving that transfer of this matter will serve the interests of judicial economy and efficiency. Therefore, the Department respectfully opposes Defendants' motion to transfer this matter to the Honorable R. Barclay Surrick..

WHEREFORE, the Department respectfully requests that this Honorable Court DENY Defendants' Motion to Transfer.

Respectfully submitted,

FOR THE COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF ENVIRONMENTAL PROTECTION:

_____
Paul R. Brierre, Assistant Counsel
Attorney I.D. No. 68383

Michael T. Ferrence, Assistant Counsel
Attorney I.D. No. 72405

Office of Chief Counsel
2 Public Square
Wilkes-Barre, PA 18711-0790
(570) 826-2519

DATE: July 24, 2002
953anstransfmot.csi

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION, | : : : : |
| Plaintiff, | : : : |
| v. | : : CIVIL ACTION NO. 02-CV-2888 |
| CONCEPT SCIENCES, INC., PPT RESEARCH, INC., IRL E. WARD, JR., BRIAN D. HEATH, LEHIGH VALLEY REALTY, III, JAMES H. READINGTON, JOHN ADAMS, and ESTATE OF JACOB QUICK c/o JUDITH QUICK, | : : : : : : : : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I hereby certify that I served the Department's Answer to Motion to Transfer and Memorandum of Law in support of upon the person and in the manner indicated below:

<u>By Express Mail</u>

Thomas C. Delorenzo, Esq.
Marshall, Dennehey, Warner,
  Coleman & Goggin
1845 Walnut Street, 19th Floor
Philadelphia, PA  19103

James B. Burns, Esq.
Deasey, Mahoney & Bender, Ltd.
1800 JFK Boulevard, Suite 1300
Philadelphia, PA  19103

Respectfully submitted,

FOR THE COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF ENVIRONMENTAL PROTECTION:


_____
Paul R. Brierre, Assistant Counsel

Office of Chief Counsel
2 Public Square
Wilkes-Barre, PA 18711-0790
(570) 826-2519

DATE:  July 24, 2002

955cos.csi