IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 02-CV-2888 |
| CONCEPT SCIENCES, INC., PPT RESEARCH, INC., IRL E. WARD, JR., BRIAN D. HEATH, LEHIGH REALTY ASSOCIATES, JAMES H. REDINGTON, JOHN ADAMS, and ESTATE OF JACOB QUICK c/o JUDITH QUICK, | : : : : : : : : | |
| Defendants. | : | |

**COMMONWEALTH OF PENNSYLVANIA,
DEPARTMENT OF ENVIRONMENTAL PROTECTION'S
ANSWER TO MOTION OF DEFENDANT PPT RESEARCH, INC. TO DISMISS
PLAINTIFF'S COMPLAINT**

**I.   INTRODUCTION/STATEMENT OF FACTS**

Plaintiff, Commonwealth of Pennsylvania, Department of Environmental Protection ("Department"), filed a complaint ("Complaint") against PPT Research, Inc. ("PPT") and seven other Defendants on May 14, 2002.  The Department seeks, inter alia, reimbursement of costs incurred from its response to the release and threatened release of hazardous substances and contaminants resulting from an explosion at the Concept Sciences, Inc. ("CSI") facility formerly located in Hanover Township, Lehigh County, Pennsylvania.

Count I of the Complaint raises claims against the Defendants pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended,

42 U.S.C. §§ 9601-9675 ("CERCLA"). Count II raises claims against the Defendants pursuant to the Pennsylvania Hazardous Sites Cleanup Act, 35 P.S. §§ 6020.101-1315 ("HSCA"). The Department alleges that each Defendant is an "owner or operator" as those terms are defined in CERCLA and HSCA, respectively. 42 U.S.C. § 9601; 35 P.S. § 6020.101.

An "owner or operator" of a site where the Department cleans up hazardous substances or contaminants falls within a category of responsible parties or persons facing liability for the Department's response costs. 42 U.S.C. § 9607; 35 P.S. § 6020.701. In addition, any party determined to be a successor corporation to a responsible party or person faces the same liability. Prior to filing the Complaint, the Department obtained information documenting, <u>inter alia</u>, that a high level CSI manager had formed PPT within a year of the explosion, that PPT had purchased almost all of CSI's assets, and that the President of CSI is now also the President of PPT. Accordingly, the Department named PPT as a Defendant and alleged that PPT is a successor corporation to CSI.

Count I of the Complaint alleges that "PPT is a successor corporation to CSI under the substantial continuity theory as applied by this Court. [citations omitted]," and "[a]s a successor corporation to CSI, PPT is subject to the liability of an 'operator' at the Site within the meaning of section 101(20) of CERCLA, 42 U.S.C. § 9601(20)."[1] Count II of the Complaint alleges, "[a]s a successor corporation to CSI, PPT is subject to the liability of an 'operator' at the Site within the meaning of sections 103 and 701(a)(1) of HSCA, 35 P.S. §§ 6020.103 and 6020.701(a)(1)."[2]

---

[1] Paragraphs 82 and 86 of the Complaint.

[2] Paragraph 107 of the Complaint.

In support of these allegations in Counts I and II, the Department alleges facts related to PPT and CSI in seven other paragraphs in the Complaint.[3]

Before this Court is PPT's Motion to Dismiss the Complaint as against PPT on the basis that the Department has failed to state a claim upon which relief can be granted for successor liability. For the reasons set forth below, the Department respectfully requests that this Court deny PPT's Motion to Dismiss.

## II.   STANDARD OF REVIEW

In ruling upon a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. United States v. Witco Corp., 865 F.Supp. 245, 247 (E.D. Pa. 1994); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. Witco Corp., 865 F.Supp. at 247; Markowitz, 906 F.2d at 103. Accordingly, "the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (citing Rule 8 of F.R.C.P.).

---

[3] Paragraphs 6, 7, 8, 9, 83, 84, and 85 of the Complaint.

III.   ARGUMENT

    A.   **The Department Has Stated a Claim That PPT Is a Successor Corporation to CSI and Is Therefore Liable for the Department's Costs Pursuant to CERCLA and HSCA.**

        1.   District Court Decisions Applying The Substantial Continuity Test in CERCLA Cases Provide Controlling Precedent in the Third Circuit.

This Court has recognized the applicability of the "substantial continuity" or "continuity of enterprise" test[4] in CERCLA proceedings. United States v. Atlas Minerals and Chemicals, Inc., 824 F.Supp. 46 (E.D. Pa. 1993) ("Atlas I"); Atlantic Richfield Co., v. Blosenski, 847 F.Supp. 1261 (E.D. Pa. 1994); Elf Atochem North America v. United States and Witco Corp., 908 F. Supp. 275 (E.D. Pa. 1995); United States v. Exide Corp., No. 00-CV-3057, 2000 Dist. LEXIS 3303 (E.D. Pa. Feb. 27, 2002). Over the past decade, federal district courts in Pennsylvania have used the test to hold a corporation responsible for its predecessor's environmental liabilities. Blosenski; Exide; United States v. Keystone Sanitation Co., No. CV-93-1482, 1996 U.S. Dist. LEXIS 13651 (M.D. Pa. Aug. 22, 1996); Gould, Inc. v. A&M Battery & Tire Serv., 950 F.Supp. 653, 656 (M.D. Pa. 1997). These decisions are consistent with the Court of Appeals for the Third Circuit's holding that successor companies can be held responsible for CERCLA liabilities incurred by their predecessors. Smith Land & Improv. Corp. v. Celotex Corp., 851 F.2d 86, 92 (3d Cir. 1988). While it has specifically upheld the concept of successor liability in CERCLA, the Third Circuit has not reviewed District Courts' use of the substantial continuity test to determine whether a corporation falls within such liability. As the

---

[4]The "substantial continuity" test is also known as the "continuity of enterprise theory." Atlas I .

Third Circuit has yet to speak on the issue, this Court's opinions provide controlling precedent in the present matter, and refute PPT's allegation that the substantial continuity test is not an accepted theory of successor liability.[5]

This Court has always accepted the applicability of the substantial continuity test in CERCLA cases. Atlas I, 824 F.Supp. at 50. However, such acceptance has sometimes been limited because of a concern that application of the test is not consistent with traditional tort principles such as causation. Atlas I at 51. In Atlas I, Chief Judge Cahn expressed agreement with a Third Circuit opinion rejecting the substantial continuity test in a products liability case as "an ill-considered extension of liability to an entity having no causal relationship with the harm." Id. at 51, quoting, Polius v. Clark Equipment Co., 802 F.2d 75 (3d Cir. 1986). Judge Cahn applied this reasoning to CERCLA cases and suggested that "the theory ought to be applied only when there is a causal link between the CERCLA defendant and the environmental harm." Id.

To address the concerns raised in Polius, Judge Cahn adopted a requirement that "the purchasing corporation and the selling corporation have substantial ties" before the test can be applied. Id. at 51. "Substantial ties" include situations where owners of a purchasing corporation are related to the owners of the selling corporation, or where a selling corporation's top level employees form a new corporation and the latter subsequently buys out the former's assets. Id. (citing Carolina Transformer and Distler). In addition, the "substantial ties" condition mandates that an asset purchaser must have knowledge of a seller's potential CERCLA liability. Id. at 50-52. Faced with an absence of such "substantial ties" in Atlas I, Judge Cahn declined to apply the substantial continuity test in that case. Id. at 52.

---

[5] PPT Brief at 3-4.

In <u>Blosenski</u>, Judge Giles declined to adopt the conditions set forth in the <u>Atlas I</u> opinion because they are inconsistent with CERCLA. <u>Blosenski</u> 847 F.Supp. at 1287. Judge Giles found that the concern with causation in <u>Polius</u> is not applicable to CERCLA because "CERCLA liability may exist even in the absence of such a 'causal link' between the defendant and the environmental harm." <u>Id</u>. After further reviewing the mandates of CERCLA, Judge Giles concluded that "CERCLA's broad remedial goals will be served by the application of the substantial continuity test to determine successor liability of an asset purchaser." <u>Id</u>. at 1285-86. Judge Giles therefore applied the substantial continuity test and held a defendant liable as a successor corporation. <u>Id</u>. at 1293.

Judge Cahn subsequently issued another opinion in the Atlas Mineral case and responded to Judge Giles' opinion distinguishing the <u>Polius</u> reasoning from CERCLA cases. <u>United States v.Atlas Minerals and Chemicals, Inc.</u>, 1995 U.S. Dist. LEXIS 13097 (E.D. Pa. Aug. 23, 1995) ("Atlas II"). Judge Cahn stated:

> Judge Giles correctly pointed out that this court's citation to <u>Polius</u> . . . was misplaced. [citations omitted]. In <u>Polius</u>, the . . . Third Circuit rejected the continuity test in the context of products liability because it "brushes aside" the fundamental tort requirement that the defendant's conduct must have a causal link to the plaintiff's injury. [citation omitted] Judge Giles is quite correct that CERCLA is uniquely unconcerned with the concept of causation. However, this court stands by its ruling that the substantial continuity theory "should be applied only when the application of traditional corporate law principles would frustrate the remedial goals of CERCLA, namely to have responsible parties contribute to the cleanup costs.

<u>Id</u>. at *261, n. 33.

As explained above, this Court has adopted the substantial continuity test "with no prerequisites" in <u>Blosenski</u> and with the "scienter-like requirements" set forth in <u>Atlas I</u>. <u>Elf</u>

Atochem, 908 F. Supp. at 279, citing, Blosenski at 1287, Atlas I, 824 F.Supp. at 51.  Regardless of whether the prerequisites are applied, this Court has accepted the substantial continuity test, and has continued to utilize it in CERCLA cases.  Elf Atochem, 908 F.Supp 275 (applying the test and denying a motion for summary judgment to hold a defendant liable as a successor corporation to a responsible party).  The United States District Court for the Middle District of Pennsylvania has consistently applied the substantial continuity as well.  Andritz Sprout-Bauer, Inc. v. Beazer East, Inc., 12 F. Supp. 2d 391 (M.D. Pa. 1998) (applying the test and finding the defendant was not a successor corporation); Gould, 950 F.Supp. 653 (applying the test and holding a defendant liable as a successor corporation); Keystone, 1996 U.S. Dist. LEXIS 13651 (applying the test and holding a defendant liable as a successor corporation).  Recently, this Court again applied the substantial continuity test and held a company liable as the corporate successor to a responsible party.  Exide, 2002 U.S. Dist. LEXIS 3303 at *15.

     As the foregoing demonstrates, the Third Circuit has presided over the use of the substantial continuity test in CERCLA cases for almost ten years, and has yet to instruct a District Court to desist from doing so.  Accordingly, Blosenski, Atlas I and Exide all constitute valid and controlling precedent for the instant matter.  Those cases hold that the substantial continuity test is properly applied in CERCLA cases, and the Department has therefore alleged an accepted theory of successor liability against PPT in this proceeding.

      2.      <u>The Department's Complaint Provides Defendant PPT with Sufficient Notice that the Substantial Continuity Test Subjects PPT to Liability for the Department's Response Costs.</u>

The allegations against PPT adhere to the requirements of the Federal Rules of Civil Procedure for claims to consist of "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach averment of a pleading shall be simple, concise, and direct." F.R.C.P. Rules 8(a) and 8(e). Rule 8(f) states that "[a]ll pleadings shall be construed as to do substantial justice." F.R.C.P. Rule 8(f). The Third Circuit explained the rules accordingly:

> the function of the complaint is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. . . . Technecalities (sic) are no longer of their former importance, and a short statement which fairly gives notice of the nature of the claim is a sufficient compliance with the requirements of the rules.

<u>Continental Collieries, Inc. v. Shober, Jr.</u>, 130 F.2d 631, 635 (3d Cir. 1942). <u>See</u> also, <u>Linker v. Custom-Bilt Machinery, Inc.</u>, 594 F.Supp. 894, 901-902 (E.D. Pa. 1984) (stating that F.R.C.P. 8 is satisfied as explained in <u>Continental Collieries</u>).

As the referenced Federal Rules and precedent highlight, "[t]he modern philosophy concerning pleadings is that they do little more than indicate generally the type of litigation that is involved. A generalized summary of the case that affords fair notice is all that is required." <u>In Re: Agri-Concrete Products, Inc. v. Fabcor, Inc.</u>, 153 B.R. 673, 675 (M.D. Pa. 1993). Nevertheless, PPT suggests that "Plaintiff has failed to plead sufficient facts, that if proven, would establish PPT's successor liability under CERCLA . . . ."[6] PPT's argument contradicts the Third Circuit's holding that "[t]here is no requirement to state facts sufficient to constitute a

---

[6]Defendant's Brief at 7.

8

cause of action." Schaedler v. Reading Eagle Publication, 370 F.2d 795, 798 (3d Cir. 1967) (citations omitted).

PPT does not reference all of the Department's allegations pertaining to PPT, but the paragraphs in Count I of the Complaint sufficiently provide PPT with fair notice of the claims against it.  Paragraph 82 states:

> PPT is a successor corporation to CSI under the substantial continuity theory as applied by this Court. Atlantic Richfield Co. v. Blosenski, 847 F.Supp. 1261 (E.D. Pa. 1994); United States v. Atlas Minerals & Chems., Inc., 824 F.Supp. 46 (E.D. Pa. 1993).

This paragraph informs PPT that it faces a claim based on a specific theory of successor liability that is accepted and applied by this Court.  Paragraph 82 also references two of this Court's opinions, and "[d]istrict courts . . . may consider documents that are 'integral to or explicitly relied upon in the complaint'. . . ." Schmidt, Long & Assoc., Inc. v. Aetna U.S. Healthcare, Inc., No. 00-CV-3683, 2000 U.S. Dist. LEXIS 17355 at *7 (E.D. Pa. Dec. 5, 2000), citing In re Burlington Coat Factory Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  See also Judy Corrigan v. Methodist Hospital, 853 F.Supp. 832, 834 (E.D. Pa. 1994) ("matters of public record . . . may be taken into account").  The citation to Blosenski provides PPT with a case that describes the eight factors a court looks at when applying the test.  The Department also cites to Atlas I to inform PPT that this Court has sometimes required a plaintiff to establish "substantial ties" between buyer and seller corporations before applying the test.

Notwithstanding Atlas I, the Blosenski opinion provides persuasive support for the Department's position that it does not have to establish that PPT had knowledge of CSI's potential liability prior to purchasing its assets.  Nevertheless, the Department included

Paragraphs 83 through 85 in its Complaint.  These paragraphs allege facts establishing that PPT had prior knowledge and inform PPT that the Department is prepared to prove PPT's successor corporation status by satisfying not only the substantial continuity test under <u>Blosenski</u>, but if necessary, by meeting the more rigorous test under <u>Atlas I</u>.

Even if Paragraphs 82 through 86 were standing alone, they provide PPT with fair notice of the Department's claims.  Paragraph 84 alleges a fact that is central to any claim that a defendant is liable as a successor corporation: that PPT purchased CSI's assets.  <u>See</u> <u>Blosenski</u>, 847 F.Supp. at 1286 (approving the application of the substantial continuity test to determine successor liability of an asset purchaser).  The Department was able to verify the asset purchase from documents provided by CSI and PPT in response to an information request by the Department pursuant to Section 506 of HSCA, 35 P.S. § 6020.506.  However, the circumstances of typically providing an asset purchase make it unreasonable to require the Department to allege every factor of the substantial continuity test.  For example, two years after the asset purchase, only PPT has knowledge as to whether it retained some of CSI's employees, and only PPT knows whether it is producing a product that had been developed or produced by CSI.  PPT has not provided sufficient information to the Department on these issues and is not likely to do so until required to during the discovery in this proceeding.  It is the circumstances before this Court today that demonstrate the practical wisdom of the federal notice pleading requirements.

Even though the rules only requires a general notice, PPT avers that "Plaintiff's Complaint contains no other allegations with respect to either PPT generally or the basis for holding PPT liable."[7]  PPT's averment is in error.  In fact, the Department alleged other facts that

---

[7] Defendant's Brief at 3.

if proven, will provide a basis for holding PPT liable as a successor corporation.

In Paragraph 84, the Department alleges that "PPT purchased the assets of CSI" thereby alleging "continuity of assets[.]" Blosenski, 847 F.Supp. at 1284 (listing the factors in the substantial continuity test). Paragraph 6 alleges that CSI has its principle place of business at 450 Allentown Drive, Allentown, Pennsylvania 18103. Paragraph 7 alleges that PPT's principle place of business is located at the same address, thereby alleging PPT's "retention of the same production facilities and location[.]" Id. Paragraph 8 alleges that Dr. Ward is the President and/or Chief Executive Officer of CSI and that he is also the President of PPT. Paragraph 9 alleges that Brian Heath was the Operations Manager of CSI, the initial Chief Executive Officer and President of PPT, and currently holds the position of Vice President at PPT. Paragraphs 8 and 9 thereby allege PPT's "retention of the same supervisory personnel[.]" Id.

As the foregoing demonstrates, the Department's complaint provides unambiguous notice of the Department's claim against PPT as a successor corporation to CSI. PPT can have no doubt that the Department intends to prove the factors of the substantial continuity test set forth in Blosenski, and if necessary, the "substantial ties" prerequisites set forth in Atlas I.

The Department's complaint states a claim against PPT for which relief can be granted pursuant to CERCLA, and the Department therefore respectfully requests that this Honorable Court deny PPT's Motion to Dismiss.

B.  **The Department's Complaint Provides PPT With Sufficient Notice of the Department's HSCA Claim, and Therefore States a Claim Upon Which Relief Can Be Granted Pursuant to Pennsylvania Law.**

Count II of the Department's Complaint provides "fair notice to [PPT] of the nature and basis of the claim asserted and a general indication of the type of litigation involved." Continental Collieries, 130 F.2d at 635.  PPT avers that the Department only generally alleged that PPT is a successor corporation in paragraph 107 of the Complaint, and suggests that this is not enough.[8]  PPT fails to cite any authority for its position, and Pennsylvania precedent directs otherwise.  In Mendralla v. Weaver Corp., 703 A.2d 480, 483-84 (Pa. Super. 1997), Defendant Weaver alleged that it could not be found liable because plaintiffs failed to plead successor liability in their complaint.  Id. at 483.  In response, the court pointed to one paragraph in the plaintiffs' complaint and emphasized that "in addition to the specifically named defendants, the Mendrallas alleged that a "Doe Corporation" was liable either in its own capacity or as the successor-in-interest to the lift's actual manufacturer." Id. at 483-84.  The court also relied on the fact that Weaver stipulated that it was a successor corporation to the lift's manufacturer prior to trial.  However, regardless of whether there had been a pre-trial stipulation, the Mendralla plaintiffs' allegation that Weaver was a successor-in-interest to the lift manufacturer was sufficient to preserve the claim for trial.

The Mendralla plaintiffs did not plead one of the specific exceptions to the general rule of successor corporate liability, yet the court in that case found that their pleading was sufficient. Mendralla's holding is consistent with the notice pleading requirements of the Federal Rules and provides further support for this Court to find that the Department provided PPT with sufficient

---

[8] PPT Brief at 8.

notice that it faces claims pursuant to HSCA.

As Mendralla demonstrates, alleging that a defendant is a successor corporation is sufficient to survive a motion to dismiss. Nevertheless, PPT further suggests that the Department did not provide any factual basis for its allegation. A review of the Department's allegations demonstrates otherwise. Paragraph 94 incorporates by reference all preceding paragraphs in the Complaint. As a result, Count II includes all of the factual allegations in Paragraphs 6, 7, 8, 9, 83, 84 and 85 as support for the Department's averment of successor liability against PPT in Paragraph 107.

The factual allegations in the paragraphs incorporated into Count II demonstrate the nature and basis for the Department's claim that PPT is liable under HSCA as a corporate successor. Pennsylvania law properly requires nothing more when pleading successor liability. Mandating that a plaintiff plead every detailed fact required to support such a claim is not reasonable or practical where the defendant typically maintains sole possession of such details until discovery. As the foregoing demonstrates, Count II provides sufficient notice of the Department's HSCA claims, and the Department therefore has stated a claim pursuant to HSCA upon which relief can be granted against PPT.

IV.  CONCLUSION

       The Complaint provides sufficient notice of the Department's CERCLA and HSCA claims against PPT as a successor corporation to CSI.  As demonstrated herein, the Department's allegations meet the requirements of the Federal Rules of Civil Procedure and Pennsylvania law for pleading the liability of a successor corporation.  The Complaint therefore states a claim upon which relief can be granted against PPT, and the Department therefore respectfully requests that this Court deny PPT's Motion to Dismiss.

                            Respectfully submitted,

                            FOR THE COMMONWEALTH OF PENNSYLVANIA,
                            DEPARTMENT OF ENVIRONMENTAL PROTECTION:

                            _____
                            Paul R. Brierre, Assistant Counsel
                            Attorney I.D. No. 68383

                            Michael T. Ferrence, Assistant Counsel
                            Attorney I.D. No. 72405

                            Office of Chief Counsel
                            2 Public Square
                            Wilkes-Barre, PA 18711-0790
                            (570) 826-2519

DATE:  August 22, 2002
961ansmotdismiss.csi