IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION, | : : : | CIVIL ACTION |
| Plaintiff | : : | |
| v. | : : | |
| CONCEPT SCIENCES, INC.; PPT RESEARCH, INC.; IRL E. WARD, JR.; BRIAN D. HEATH; LEHIGH VALLEY REALTY, III; JAMES H. READINGTON; JOHN ADAMS; ESTATE OF JACOB QUICK c/o JUDITH QUICK, | : : : : : : | |
| Defendants | : | NO. 02-2888 |

## MEMORANDUM

**Baylson, J.**                                                                                                    **December 2, 2002**

The issue presented concerns the adequacy of allegations of corporate successor liability for environmental cleanup costs. This case, which seeks reimbursement for environmental cleanup costs, was commenced by Plaintiff, the Commonwealth of Pennsylvania Department of Environmental Protection ("Plaintiff") against the following defendants: Concept Sciences, Inc. ("CSI"); PPT Research, Inc. ("PPT"); Irl E. Ward, Jr. ("Ward'); Bryan D. Heath ("Heath"); Lehigh Valley Realty, III; James H. Readington; John Adams; and Estate of Jacob Quick c/o Judith Quick. The Complaint contains three counts brought under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq.; the Pennsylvania Hazardous Sites Cleanup Act ("HSCA"), 35 Pa. Cons. Stat. Ann. § 6020.101 et. seq.; and the Pennsylvania Declaratory Judgments Act, 42 Pa. Cons. Stat. Ann. § 7531 et seq.

Plaintiff seeks reimbursement of its costs allegedly incurred in response to the release and threat of release of hazardous substances at the CSI Site in Hanover Township, Lehigh County, Pennsylvania (the "Site"), and a declaratory judgment on liability for response costs that will be binding on any subsequent actions by Plaintiff to recover future response costs incurred in connection with the Site.  (Pl.'s Compl. ¶ 1). Presently before this Court is Defendant PPT's Motion to Dismiss.  All other Defendants have answered the Complaint.  For the reasons stated below, the Motion will be denied.

I.  Background

Plaintiff alleges that an explosion on February 19, 1999, at a facility owned by CSI and located on the Site resulted in the release and threat of release of hazardous substances and contaminants, and that Plaintiff incurred costs to implement, operate, and maintain a containment system to ensure no further release of hazardous substances or contaminants.  (Pl.'s Compl. ¶¶ 18, 28-29).  Plaintiff further alleges that, due to the threat to human health and the environment, it was required to demolish CSI's facility and dispose of hazardous substances and contaminants from the facility.  Id. at ¶¶ 32, 39.

With respect to Defendant PPT, Plaintiff alleges that PPT is a successor corporation to CSI under the substantial continuity theory and makes the following assertions in support of its claim:

> 82.  PPT is a successor corporation to CSI under the substantial continuity theory as applied by this Court.  Atlantic Ridgefield Co. v. Blosenski, 847 F. Supp. 1261 (E.D. Pa. 1994); United States v. Atlas Minerals & Chems., Inc., 824 F. Supp. 46 (E.D. Pa. 1993).
>
> 83.  By letter to CSI's counsel dated March 31, 1999, CSI was informed that it may be a responsible person pursuant to section 701(a)(1) of HSCA, and

    that it could be responsible for the cost of any environmental investigations or cleanup actions at the Site.

84. PPT purchased the assets of CSI almost one year after CSI was informed in writing that it could be responsible for the cost of any environmental investigations or cleanup actions at the Site.

85. At the time PPT purchased the assets of CSI, PPT had knowledge or should have had knowledge of CSI's liability to the Department pursuant to CERCLA and HSCA.

86. As a successor corporation to CSI, PPT is subject to the liability of an "operator" at the Site within the meaning of section 101(20) of CERCLA, 42 U.S.C. § 9601(20).

            * * *

107. As a successor corporation to CSI, PPT is subject to the liability of an "operator" at the Site within the meaning of sections 103 and 701(a)(1) of HSCA, 35 P.S. §§ 6020.103 and 6020.701(a)(1).

(Pl.'s Compl. ¶¶ 82-86, 107).

II. <u>Legal Standard and Jurisdiction</u>

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. <u>Angelastro v. Prudential-Bache Sec., Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. <u>Ransom v. Marrazzo</u>, 848 F.2d 398, 401 (3d Cir. 1988).

This Court has subject matter jurisdiction over the claims asserted in Count I pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the claims asserted in Counts II and III

pursuant to 28 U.S.C. § 1367.  Venue is appropriate under 28 U.S.C. §§ 1391(b), (c).

III.    Analysis

    A.    Federal Claim

        1.    Plaintiff Has Stated a Claim that PPT is a Successor Corporation to CSI and Liable Under CERCLA

This Court has recognized the applicability of the "substantial continuity" or "continuity of enterprise"[1] test in CERCLA proceedings to determine if corporate successors are liable for their predecessor's environmental liabilities.  United States v. Exide Corporation, C.A. No. 00-3057, 2002 U.S. Dist. LEXIS 3303 (E.D. Pa. Feb. 27, 2002); Elf Antochem North America v. United States and Witco Corp., 908 F. Supp. 275 (E.D. Pa. 1995); Atlantic Richfield Co. v. Blosenski, 847 F. Supp. 1261 (E.D. Pa. 1994) (Giles, J.)); United States v. Atlas Minerals and Chems., Inc., 824 F. Supp. 46 (E.D. Pa. 1993) ("Atlas I") (Cahn, J.)).  These decisions are consistent with the Third Circuit's holding that successor companies may be held liable for CERCLA liabilities by their predecessors.  Aluminum Company of America v. Beazer East, Inc., 124 F.3d 551, 565 (3d Cir. 1997) (citing Smith Land & Improvement Corp. v. Celotex Corp., 851 F.2d 86, 91-92 (3d Cir. 1988), cert. denied, 488 U.S. 1029, 109 S. Ct. 837, 102 L. Ed. 2d 969 (1989)).  Although it has specifically upheld the concept of successor liability in CERCLA, the Third Circuit has not reviewed the district courts' use of the substantial continuity test to determine whether a corporation is subject to such liability.  Therefore, in the absence of a Third Circuit decision to the contrary, several decisions of this Court, which reject Defendant PPT's contention that the substantial continuity test is not an accepted theory of corporate successor

---

[1] The "substantial continuity" test is also known as the "continuity of enterprise theory."

liability, (Def.'s Mot. to Dismiss 3-4), are persuasive and will be followed.

The application of the substantial continuity test in CERCLA cases has been recognized by this Court for some time. Atlas I, 824 F. Supp. at 50. However, acceptance of the test sometimes has been limited because of concerns that its application is inconsistent with traditional tort principles, such as causation. Id. at 51. In Atlas I, Judge Cahn expressed agreement with a Third Circuit opinion rejecting the substantial continuity test in a products liability case as "an ill-considered extension of liability to an entity having no causal relationship with the harm." Id. (quoting Polius v. Clark Equipment Co., 802 F.2d 75, 82 (3d Cir. 1986)). Judge Cahn applied this reasoning to CERCLA cases and suggested that "the theory ought to be applied only when there is a causal link between the CERCLA defendant and the environmental harm." Id.

To address the causation concerns raised in Polius, Judge Cahn adopted a requirement that the purchasing corporation and the selling corporation must have "substantial ties" before the test can be applied. Id. "Substantial ties" include situations where owners of a purchasing corporation are related to the owners of the selling corporation and where the selling corporation's top-level employees form a new corporation, and the latter subsequently buys out the former's assets. Id. In addition, the "critical inquiry" is whether the purchasing corporation and the selling corporation have "shared knowledge of CERCLA liability." Id. at 52. In Atlas I, Judge Cahn did not find substantial ties and thus declined to apply the substantial continuity test.

In Blosenski, Judge Giles declined to adopt the conditions set forth in Atlas I because they were inconsistent with CERCLA. 847 F. Supp. at 1287. He found that the concern with causation in Polius did not apply to CERCLA because "CERCLA liability may exist even in the

absence of such a 'causal link' between the defendant and the environmental harm." Id.  He then applied the eight-factor test described by the Fourth Circuit in United States v. Carolina Transformer Co., 978 F.2d 832 (4th Cir. 1992) to determine if an asset purchaser acquires the liabilities of its predecessor:

> 1. Retention of the same employees;
> 2. Retention of the same supervisory personnel;
> 3. Retention of the same production facilities and location;
> 4. Production of the same products;
> 5. Retention of the same name;
> 6. Continuity of assets;
> 7. Continuity of general business operations;
> 8. Whether the successor holds itself out as continuation of previous enterprise.

Id. at 838.

Finding all of these factors satisfied, Judge Giles concluded that "CERCLA's broad remedial goals will be served by the application of the substantial continuity test to determine successor liability of an asset purchaser" id. at 1286, and found the defendant liable as a corporate successor. Id. at 1293.

Subsequently, Judge Cahn issued another opinion in the Atlas Mineral case, United States v. Atlas Minerals and Chems., Inc., C.A. No. 91-5118, 1995 WL 510304 (E.D. Pa. Aug. 23, 1995) ("Atlas II").  Judge Cahn wrote:

> In Atlantic Richfield Co. v. Blosenski, 847 F. Supp. 1261 (E.D. Pa. 1994), Judge Giles correctly pointed out that this court's citation to Polius v. Clark Equipment Co., 802 F.2d 75 (3d Cir. 1986) was misplaced.  847 F. Supp. at 1283; see Atlas Minerals, 824 F. Supp. at 51.  In Polius, the Court of Appeals for the Third Circuit rejected the substantial continuity test in the context of products liability because it "brushes aside" the fundamental tort requirement that the defendant's conduct must have a causal link to the plaintiff's injury. 802 F.2d at 81.  Judge Giles is quite correct that CERCLA is uniquely unconcerned with the concept of causation.  However, this Court stands by its ruling that the substantial continuity theory "should be applied only when the application of traditional corporate law

> principles would frustrate the remedial goals of CERCLA, namely to have <u>responsible</u> parties contribute to the cleanup costs." <u>Atlas Minerals</u>, 824 F. Supp. at 50 (emphasis in original).

<u>Id.</u> at 113 n.33.

As discussed above, this Court has adopted the substantial continuity test "with no prerequisites" in <u>Blosenski</u> and with "scienter-type requirements" in <u>Atlas I</u>. <u>Elf Antochem</u>, 908 F. Supp. at 279 (citing <u>Blosenski</u>, 847 F. Supp. at 1287; <u>Atlas I</u>, 824 F. Supp. at 51). Whether or not the prerequisites are applied, this Court has continued to utilize the substantial continuity test in CERCLA cases. <u>Elf Antochem</u>, 908 F. Supp. at 279-83 (applying the test and holding that purchaser was not corporate successor); <u>Exide</u>, 2002 U.S. Dist. LEXIS 3303, at *37-43 (applying the test and holding company liable as corporate successor to responsible party).

The Third Circuit has yet to instruct this Court to refrain from applying the substantial continuity test in CERCLA cases. Accordingly, <u>Atlas I</u>, <u>Blosenski</u>, <u>Elf Antochem</u>, and <u>Exide</u> are controlling in the instant case, and Plaintiff has alleged an accepted theory of successor liability against Defendant PPT.

      2.    <u>Plaintiff's Complaint Provides Defendant PPT with Sufficient Notice that the Substantial Continuity Test Subjects PPT to Liability</u>

The allegations against Defendant PPT adhere to the pleading requirements of the Federal Rules of Civil Procedure for claims to consist of "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e). "All pleadings shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(f). "Rule 8 is satisfied when the statement of the claim provides 'fair notice to the adversary of the nature and basis of the claim asserted and a general

indication of the type of litigation involved.'" Linker v. Custom-Bilt Machinery, Inc., 594 F. Supp. 894, 901-02 (E.D. Pa. 1984) (quoting Continental Collieries, Inc. v. Shober, 130 F.2d 631, 635 (3d Cir. 1942)). "There is no requirement to state facts sufficient to constitute a cause of action." Pennsylvania Real Estate Investment Trust v. SPS Technologies, Inc., C.A. No. 94-3154, 1995 WL 687003, at *4 (E.D. Pa. Nov. 20, 1995) (quoting Schaedler v. Reading Eagle Publication, Inc., 370 F.2d 795, 798 (3d Cir. 1967)).

Defendant PPT suggests that "Plaintiff has failed to plead sufficient facts, that if proven, would establish PPT's successor liability under CERCLA and entitle Plaintiff to relief." (Def.'s Mot. to Dismiss 7).

However, the factual allegations in Count I of Plaintiff's Complaint sufficiently demonstrate the nature and basis for Plaintiff's claim that Defendant PPT is liable under CERCLA as a corporate successor to CSI. Count I of the Complaint provides Defendant PPT with fair notice of the claims against it:

> PPT is a successor corporation to CSI under the substantial continuity theory as applied by this Court. Atlantic Ridgefield Co. v. Blosenski, 847 F. Supp. 1261 (E.D. Pa. 1994); United States v. Atlas Minerals & Chems., Inc., 824 F. Supp. 46 (E.D. Pa. 1993).

(Pl.'s Compl. ¶ 82).

This paragraph of the Complaint informs Defendant PPT that it faces a claim based on a specific theory of corporate successor liability that has been applied by this Court in the two referenced cases. District courts "may consider documents that are 'integral to or explicitly relied upon in the complaint. . . .'" Schmidt, Long & Assoc., Inc. v. Aetna U.S. Healthcare, Inc., C.A. No. 00-3683, 2000 WL 1780231 at * 2 (E.D. Pa. Dec. 5, 2000) (citing In re Burlington Coat Factory

Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997)).  See also Corrigan v. Methodist Hospital, 853 F. Supp. 832, 834 (E.D. Pa. 1994) ("matters of public record . . . may also be taken into account") (citing Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).  The citation to Blosenski provides Defendant PPT with a case describing the eight factors a court examines when applying the substantial continuity test, and the citation to Atlas I provides notice to Defendant PPT that the Court has required a plaintiff to establish "substantial ties" between a buyer and a seller corporation before applying the test.

      Blosenski provides support for Plaintiff's position that it does not have to establish that Defendant PPT had knowledge of CSI's potential liability prior to purchasing its assets.  Nevertheless, Plaintiff alleges facts in Paragraphs 83-85 establishing that Defendant PPT had knowledge or should have had knowledge of CSI's liability to Plaintiff and informs Defendant PPT that Plaintiff intends to prove that PPT is a successor corporation to CSI under the substantial continuity test under Blosenski, and if necessary, the "substantial ties" test under Atlas I.

      Although Plaintiff is only required to provide general notice of its claim, Defendant PPT asserts that "Plaintiff's Complaint contains no other allegations with respect to either PPT generally or the basis for holding PPT liable."  (Def.'s Mot. to Dismiss 3).  However, an examination of the Complaint reveals otherwise.  In the Complaint, Plaintiff alleges in Paragraph 84 that Defendant PPT "purchased the assets of CSI", thereby alleging "continuity of assets[.]" Blosenski, 847 F. Supp. at 1284 (listing the factors in the substantial continuity test).  Paragraph 7 alleges that PPT's principal place of business is located at the same address as CSI's principal place of business listed in Paragraph 6, thereby alleging Defendant PPT's "retention of the same

production facilities and location[.]" Id.  Paragraph 8 asserts that Defendant Ward, the president and chief executive officer of CSI, is also the president of PPT, and Paragraph 9 claims that Defendant Heath, the operations manager of CSI, was initially the chief executive officer and president of PPT and is now its vice president.  These allegations constitute Defendant PPT's "retention of the same supervisory personnel[.]" Id.

As the foregoing demonstrates, Plaintiff's Complaint provides sufficient notice to Defendant PPT of Plaintiff's claim against PPT as a corporate successor to CSI.  Plaintiff states a claim against Defendant PPT for which relief can be granted pursuant to CERCLA.

B.    State Law Claim

A complaint must, at a minimum, set forth the facts upon which a cause of action is based, give notice to the defendant of the claim being asserted, and summarize the facts essential to support the claim.  Cianfrani v. Commonwealth, 479 A.2d 468, 473 n.5 (Pa. 1984).  However, it is not necessary that a plaintiff identify the specific legal theory underlying the complaint.  Weiss v. Equibank, 460 A.2d 271, 275 (Pa. Super. 1983).  Under Pennsylvania's fact pleading system, the plaintiff need only state the material facts upon which an action is based, and it is the duty of the court to discover from the facts alleged in a complaint the cause of action, if any, stated therein.  Bartanus v. Lis, 480 A.2d 1178, 1182 (Pa. Super. 1984) (citing Pa. R. Civ. P. 1019(a)).

In Count II of its Complaint, Plaintiff alleges that Defendant PPT is liable under the Hazardous Sites Cleanup Act, 35 Pa. Cons. Stat. Ann. §§ 6020.103, 6020.701(a)(1) as a successor corporation to CSI.  (Pl.'s Compl. ¶ 107).  Defendant PPT asserts that Plaintiff only generally alleged that PPT is a successor corporation in paragraph 107 of its Complaint and

failed to plead any facts which would create an exception to the general rule against corporate successor liability under Pennsylvania law. (Def.'s Mot. to Dismiss 7-8).

It is a general rule under Pennsylvania law that a successor corporation does not acquire the liabilities of its predecessor. Sehl v. Vista Linen Rental Services, Inc., 763 A.2d 858, 863 (Pa. Super. 2000). The recognized exceptions to this rule are:

1. the purchaser expressly or impliedly agrees to assume such obligation;
2. the transaction amounts to a consolidation or merger;
3. the purchasing corporation is merely a continuation of the selling corporation;
4. the transaction is fraudulently entered into to escape liability;
5. the transfer was not made for adequate consideration and provisions were not made for the creditors of the transfer;
6. the successor undertakes to conduct the same manufacturing operation of the transferor's product lines in essentially an unchanged manner.

Id. at 863-84.

Plaintiff alleges that Defendant PPT knew or should have known about CSI's potential liability under CERCLA and/or HSCA. (Pl.'s Compl. ¶¶ 83-85). Although such knowledge is not one of the enumerated exceptions to the general rule against corporate successor liability under Pennsylvania law, pleading one of the exceptions does not appear to be necessary. See Mendralla v. Weaver Corp., 703 A.2d 480, 483-84 (Pa. Super. 1997). In Mendralla, the defendant corporation alleged that it could not be found liable because the plaintiffs failed to plead successor liability in their complaint. Id. at 483. In response, the court pointed to a paragraph in the complaint, noting that "in addition to the specifically named defendants, the Mendrallas alleged that a 'Doe Corporation' was liable either in its own capacity or as the successor-in-interest to the lift's actual manufacturer." Id. at 484 n.1. The court also relied on the defendant's stipulation that it was a successor corporation to the lift's manufacturer prior to

trial. Id.  However, regardless of the pretrial stipulation, the plaintiffs' allegation that the defendant was a successor-in-interest to the lift manufacturer was sufficient to preserve the claim for trial.  Id.

The plaintiffs in Mendralla did not plead one of the specific exceptions to the general rule of corporate successor liability, and the court found that the complaint was sufficient.  Id. Mendralla demonstrates that alleging that a defendant is a corporate successor is sufficient to survive a motion to dismiss.  Although Defendant PPT asserts that Plaintiff did not provide any factual basis for its allegation, Paragraph 94 of the Complaint incorporates by reference all preceding paragraphs, including the factual allegations in Paragraphs 6-9 and 83-85 as support for its claim of corporate successor liability against Defendant PPT in Paragraph 107.

The factual allegations in Count II of Plaintiff's Complaint sufficiently demonstrate the nature and basis for Plaintiff's claim that PPT is liable under HSCA as a corporate successor to CSI.  Pennsylvania law properly requires nothing more when pleading successor liability. Therefore, Plaintiff has stated a claim pursuant to HSCA upon which relief can be granted against Defendant PPT.

IV.     Conclusion

For the reasons discussed above, Plaintiff's Complaint meets the requirements of the Federal Rules of Civil Procedure for pleading liability of a successor corporation and states a claim for the liability of a successor corporation under Pennsylvania law.  Therefore, Defendant PPT's Motion to Dismiss will be denied.

An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION, | : : : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : : | |
| CONCEPT SCIENCES, INC.; PPT RESEARCH, INC.; IRL E. WARD, JR.; BRIAN D. HEATH; LEHIGH VALLEY REALTY, III; JAMES H. READINGTON; JOHN ADAMS; ESTATE OF JACOB QUICK c/o JUDITH QUICK, | : : : : : : | |
| Defendants | : | NO. 02-2888 |

**ORDER**

AND NOW, this 2nd day of December, 2002, in consideration of Defendant PPT Research, Inc.'s Motion to Dismiss (Doc. No. 4) and Plaintiff's Response, it is hereby

ORDERED that Defendant's Motion is DENIED.

Defendant shall file an answer to Plaintiff's Complaint within ten (10) days of the date of this Order.

BY THE COURT:

_____
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL\02-2888 Pa. DEP v. Concept Sciences\PPT 12b6.wpd